UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| THELMA MAJORS,<br>    *Plaintiff* § § § § | |
| v. | § § §   Case No. 1:19-CV-00606-SH |
| UVMC MANAGEMENT, LLC d/b/a<br>UNIVERSITY VILLAGE<br>MEMORY CARE,<br>    *Defendant* § § § § | |

# ORDER

Now before the Court is Defendant's Motion to Reopen Discovery and Modify the Scheduling Order, filed September 8, 2021 (Dkt. 49), and Plaintiff's Response, filed September 13, 2021 (Dkt. 50).

Discovery closed August 7, 2020 and, after two continuances due to the COVID-19 pandemic, trial is set for February 7, 2022. Pursuant to Fed. R. Civ. P. 16(b)(4), Defendant asks the Court to reopen discovery and modify the scheduling order for the deposition of witness John Davis. Davis, Plaintiff's former supervisor, was listed on both parties' initial disclosures, but his phone number was incorrect and his address unknown. Dkt. 49 at 2. Defendant states that although counsel located Davis's contact information at an unspecified time after discovery closed, Davis "has spoken with counsel for Plaintiff but refuses to speak with counsel for Defendant." *Id.* Both parties included Davis on their lists of trial witnesses, filed July 23, 2021. Dkt. 23; Dkt. 31.

In response, Plaintiff contends that Defendant has shown neither good cause to modify the scheduling order under Rule 16(b)(4) nor extraordinary circumstances for Court intervention after the close of discovery pursuant to Local Rule CV-16(e). Dkt. 50 at 3. The Court agrees.

The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. *S&W Enters., LLC v.*

*SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Four factors are relevant to a showing of good cause: (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the evidence; (3) potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure such prejudice. *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2019). Because Defendant failed to explain why it did not move to reopen discovery promptly after obtaining Davis's contact information, Defendant has not satisfied even the first factor. Defendant has not established its diligence, much less extraordinary circumstances, in order to reopen discovery more than a year after the deadline passed.

For these reasons, Defendant's Motion to Reopen Discovery and Modify the Scheduling Order (Dkt. 49) is **DENIED**.

**SIGNED** on September 21, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE