UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| THELMA MAJORS,<br>*Plaintiff*<br><br>v.<br><br>UVMC MANAGEMENT, LLC d/b/a<br>UNIVERSITY VILLAGE<br>MEMORY CARE,<br>*Defendant* | Case No. 1:19-CV-00606-SH |

## ORDER

The Court held a final pretrial conference on August 6, 2021 and a pretrial status conference on January 31, 2022. Having considered the parties' submissions, the record, and the applicable law, the Court enters this Order as to Plaintiff's Motion in Limine, filed July 23, 2021 (Dkt. 29); Defendant's Motion in Limine, filed July 23, 2021 (Dkt. 32); Defendant's Objections to Plaintiff's Exhibits, filed July 30, 2021 (Dkt. 38); and Plaintiff's Objections to Defendant's Exhibit List, filed July 30, 2021 (Dkt. 41).

The Court **GRANTS** Plaintiff's Motion in Limine (Dkt. 29) in its entirety, with the following exceptions:

- The Court holds in abeyance a ruling on Plaintiff's Motion in Limine Category 18 (Dkt. 29 ¶ 18) pending review of Exhibit D-68.

- Plaintiff's Motion in Limine as to Category 20 (Dkt. 29 at 9-11) (seeking to exclude "[a]ny testimony or other evidence concerning the affirmative defense of failure to mitigate damages") is **DENIED**.

Defendant's Motion in Limine Category 1 (Dkt. 32 at 2) seeking to exclude expert opinion testimony from any of Thelma Majors' health care providers not previously designated as expert witnesses is **GRANTED** under Federal Rule of Evidence 701(c). Thelma Majors' health care

1

providers may testify as to facts they personally perceived but may not provide expert opinion testimony unless previously designated as expert witnesses.

Defendant's Motion in Limine Category 2 (Dkt. 32 at 2) seeking to exclude "[t]estimony or evidence concerning claims for lost income (whether designated 'back pay' or 'front pay') after Mrs. Majors was furloughed on March 20, 2020 as a result of COVID-19" is **DENIED**.

The Court makes the following rulings with respect to Defendant's Motion in Limine Category 3 (Dkt. 32 at 3):

- Defendant's Motion in Limine Category 3 is **GRANTED** as to Exhibit P-15 (First Amended Charge of Discrimination (MAJORS 0093-95)), which contains inadmissible hearsay that Plaintiff has not shown is subject to any exception. *See Guerrero v. Mambo Seafood #1, Inc.*, No. H-19-3059, 2020 WL 10787426, at *2 (S.D. Tex. Oct. 19, 2020) (stating that allegations in EEOC Charge of Discrimination were inadmissible hearsay); *Brackens v. Dallas Indep. Sch. Dist.*, No. 3:09-CV-0642-D, 2010 WL 5464823, at *6 (N.D. Tex. Sept. 20, 2010) (stating that "charge of discrimination constitutes hearsay to the extent it is offered to prove truth of the harm stated therein").

- Defendant's Motion in Limine Category 3 is **DENIED** as to Exhibit P-19 (UVMC Position Statement to EEOC dated 9/29/2017 (MAJORS 0113-0144)), which is admissible as a statement of a party opponent. *See Pimberton v. Lloyd's Register Drilling Integrity Servs., Inc.*, No. 4:16-CV-01732, 2016 WL 6820389, at *3 (S.D. Tex. Nov. 16, 2016) (finding defendant's EEOC position statement not hearsay under Federal Rule of Evidence 801(d)(2)(D) a statement of a party opponent); *see also Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 238 (5th Cir. 2015) (stating

that jury may view defendant's erroneous statements in EEOC position statement as evidence of discrimination).

The parties are **ORDERED** to submit supplemental briefing regarding the admissibility of Exhibits P-20 (UVMC Response to EEOC Request for Information dated 10/02/2018 (MAJORS 0145-0151)) and D-69 (EEOC Investigation/conclusions excerpts) on or before **Thursday, February 3, 2022**. The parties are **FURTHER ORDERED** to submit copies of the Exhibits P-20, D-68, and D-69 with their respective briefing.

**IT IS FURTHER ORDERED** that the parties email a copy of all proposed jury instructions in Microsoft Word to Courtroom Deputy James Ferrell at James_Ferrell@txwd.uscourts.gov on or before **February 4, 2022**.

**IT IS FURTHER ORDERED** that the case is set for a **pretrial status conference** to address outstanding objections to the parties' exhibits on **February 4, 2022 at 1:30 p.m.** The parties are **ORDERED** to provide the Court with a copy of all proposed exhibits for consideration at the conference.

**SIGNED** on January 31, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE